IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| IRVING TYRONE FLANAGAN | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-338 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Irving Tyrone Flanagan, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the Northern District of Texas in cause number 3:14-CR-340-K. Petitioner pleaded guilty to one count of interference with commerce by robbery and aiding and abetting (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), and one count of using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On November 14, 2019, Petitioner was sentenced to a total of 120 months of imprisonment. Petitioner did not appeal the judgment. His sentence was later reduced to give him credit for prior time spent in custody.

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner argued that his § 924(c) conviction was invalid because a conspiracy to commit a Hobbs Act robbery did not qualify as a crime of violence in light of the United States Supreme

Court's decision in *United States v. Davis*, 588 U.S. _, 139 S. Ct. 2319 (2019). The district court concluded that *Davis* did not affect Petitioner's § 924(c) conviction because his conviction was based on a substantive Hobbs Act robbery, not a conspiracy to commit a Hobbs Act robbery. *Flanagan v. United States*, 2022 WL 3290575, at *1-2 (N.D. Tex. Aug. 11, 2022).

## The Petition

Citing *United States v. Taylor*, 596 U.S. _, 142 S. Ct. 2015 (2022), Petitioner contends that his § 924(c) conviction is invalid because the Supreme Court held that aiding and abetting a Hobbs Act robbery is not a crime of violence.[1]

## Analysis

Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Id*. A petition for writ of habeas corpus is not a substitute for a motion to vacate sentence pursuant to § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The "savings clause" of § 2255 allows a prisoner to use § 2241 as the vehicle for attacking a federal conviction only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause offers relief in "extremely limited circumstances." *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion under § 2255. *Jeffers*, 253 F.3d at 830. A prior

---

[1] Movant misstates the holding of *Taylor*. In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence. *Taylor*, 142 S. Ct. at 2020-21. The opinion did not address whether aiding and abetting Hobbs Act robbery is a crime of violence.

unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make § 2255 an inadequate or ineffective remedy. *Tolliver*, 211 F.3d at 878. Further, an intervening change in statutory interpretation is insufficient to invoke the savings clause. *Jones v. Hendrix*, 599 U.S. 465, __ , 143 S. Ct. 1857, 1864 (2023).

Because Movant previously filed a § 2255 motion, he is barred from filing a successive motion unless it relies on newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). In this case, Movant's claim is based on a recent Supreme Court decision regarding a new statutory interpretation, and it does not involve newly discovered evidence or a new rule of constitutional law. Thus, the claim does not meet the requirements for filing a successive § 2255 motion or a § 2241 petition under the savings clause. As a result, the petition should be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 19th day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE